**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4306**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MILTON RALONG GAUSE,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(CR-04-642)

Submitted:  February 22, 2006          Decided:  March 13, 2006

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Jonathan Scott Gasser, Acting
United States Attorney, Columbia, South Carolina, Alfred William
Walker Bethea, Jr., Assistant United States Attorney, Florence,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Milton Ralong Gause appeals the district court's judgment entered pursuant to his guilty plea for conspiracy to possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 846 (2000). Gause's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Although informed of his right to file a pro se supplemental brief, Gause has not done so. Finding no reversible error, we affirm.

Gause claims that the district court did not fully comply with the requirements of Fed. R. Crim. P. 11 during his guilty plea hearing. Because Gause did not seek to withdraw his guilty plea on the basis of this omission, our review is for plain error. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). Under plain error review, this court may notice an error that was not preserved by timely objection only if the defendant can demonstrate that: (1) there was error; (2) it was plain; and (3) the error affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even when these three conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

During the guilty plea hearing, the district court met the requirements of Rule 11 except for one. The district court placed Gause under oath but did not inform him of the Government's right to use against him any statement that he made under oath. Thus, there was error that was plain because the district court failed to conform to Rule 11 in its entirety. However, this error did not affect Gause's substantial rights because he agreed in his plea agreement that the Government could use any of his statements under oath against him. He was aware of all possible consequences of being untruthful and the possibility of prosecution for perjury. Gause was well aware of his rights, and, given that he does not allege that but for the Rule 11 error, he would not have pled guilty, that error did not affect his substantial rights. Therefore, the district court committed no reversible error.

Gause also claims his sentence was unreasonable. Because Gause failed to raise this claim below, we must review it for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). After review of the record, we find that the district court properly calculated Gause's sentencing guideline range. As Gause's sentence was within that guideline range, it is presumptively reasonable. See United States v. Green, __ F.3d __, 2006 WL 267217, *5 (4th Cir. Feb. 6, 2006).

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm

Gause's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED